## STATE OF CONNECTICUT *v.* ALBERT KIM
## (6658)

BORDEN, O'CONNELL and FOTI, Js.

Argued October 12—decision released December 6, 1988

*Brian M. O'Connell,* with whom, on the brief, was *Steven F. Meo,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *Samuel Sferrazza,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a trial to the court, of disorderly conduct in violation of General Statutes § 53a-182. The sole issue on appeal is whether the trial court erred in overruling the defendant's relevancy objection and admitting evidence of a witness' arrest for an unrelated incident. We find no error.

Facts dispositive of this appeal show that the defendant was on trial for disorderly conduct arising out of his activities on the picket line at a strike. The court found that the defendant had spit into the face of a plant supervisor who was waiting in a car for an opening in the picket line so that he could enter the plant.

On cross-examination, a defense witness admitted that he had been arrested the morning of trial for spitting at someone while on picket duty at another plant of the same employer.

The full transcript of the objection and ensuing colloquy is as follows:

"[State]: You got arrested for what?

"[Defense counsel]: Objection, Your Honor, relevancy.

"[State]: Your Honor, it's to show bias on the part of this witness in this testimony, that he had a reason why he would come to court and not tell the truth if he felt it would exonerate someone in the same position and also might cause consternation of people in the management. That's why I asked that question. I think it shows bias on his part.

"The Court: The same incident, the same kind of activity. It's not an unrelated activity. If he shows that he himself was in confrontation with the authorities, doesn't that bear on his veracity?

"[State]: He's not a defendant, so the rule is slightly different.

"[Defense counsel]: Very well, Your Honor."

It is elementary that to appeal from the ruling of a trial court there must first be a ruling. The transcript discloses that although there was a brief colloquy between the court and the state's attorney, the court never ruled on the objection nor did the defendant take an exception. A reasonable interpretation of the transcript is that, after hearing the remarks of the state's attorney and the court, defense counsel conceded that the evidence was admissible and withdrew his objection. See *State* v. *Rutan,* 194 Conn. 438, 446, 479 A.2d 1209 (1984).

Our rules of practice require trial counsel to take a timely exception to a ruling on the admission of evidence in order to make it a ground of appeal. Practice Book § 288;[1] *State* v. *Jackson,* 3 Conn. App. 132, 134–35, 485 A.2d 934 (1985). The purpose of this requirement is to alert the trial court to a possible error while there is still time to take action to correct it. *State* v. *Horton,* 8 Conn. App. 376, 379, 513 A.2d 168, cert. denied, 201 Conn. 813, 517 A.2d 631 (1986). Here, an exception would have advised the court of defense counsel's assumption that it had ruled on his objection and permitted it to remedy the situation and create a clear record for review. The absence of such exception supports our conclusion that the trial court did not make a ruling. To find otherwise would amount to a trial by ambuscade. See *State* v. *Wilson,* 178 Conn. 427, 436, 423 A.2d 72 (1979).

Even if we were to assume that the court did rule on the defendant's objection, the lack of an exception precludes our review. Furthermore, it cannot be raised under the constitutional exception of *State* v. *Evans,* 165 Conn. 61, 67, 327 A.2d 576 (1973), because evidentiary rulings of relevancy are matters for the trial court's discretion, not issues of constitutional dimension. *State* v. *Brown,* 199 Conn. 14, 24, 505 A.2d 690 (1986). Nor do we find that it reaches the magnitude required for review under the plain error doctrine. *Nisbet* v. *Olmeda,* 15 Conn. App. 6, 14–15, 544 A.2d 642 (1988).

There is no error.

In this opinion the other judges concurred.

---

[1] Practice Book § 288: "OBJECTIONS TO EVIDENCE. Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had. Argument upon such objection shall not be made by either party unless the court requests it and, if made, must be brief and to the point. *An exception to the ruling must be taken in order to make it a ground of appeal.*" (Emphasis added.)