STATE OF CONNECTICUT *v.* GRACE SUAREZ
(8914)

SPALLONE, LAVERY and CRETELLA, Js.

Argued October 30, 1990—decision released January 1, 1991

*William T. Koch, Jr.,* special public defender, for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, *Peter McShane,* assistant state's attorney, and *Kathryn St. Amand,* legal intern, for the appellee (state).

CRETELLA, J. The defendant appeals from her conviction rendered after a jury trial, of assault in the second degree, in violation of General Statutes § 53a-60 (a) (2). The defendant raises several claims including that the trial court improperly permitted testimony concerning statements she had made and improperly allowed testimony that impeached her credibility. She also raises

issues concerning court instructions and closing arguments of the state. We affirm the decision of the trial court.[1]

The jury heard conflicting testimony concerning a fight in the women's bathroom of the Speakeasy Cafe. The two conflicting stories concern the defendant's striking the victim in the face with a glass and the defendant's claim that she did so in self-defense.

A witness who knew neither the defendant nor the victim testified that she had observed the argument and that the victim had left the bathroom briefly then returned and punched the defendant in the face. This witness further testified that she had not seen the defendant hit the victim with the glass.

After the fight was broken up and both the victim and the defendant were transported to a hospital for treatment, Officer Michael Hedge of the New London police department interviewed each of them. The defendant told Hedge that she had not perceived the victim's aggression as à punch, but merely as a grab and a push.

The defendant's first claim is that the trial court improperly admitted statements she had given to Hedge while she was at the hospital. The defendant asserts that by admitting these hearsay statements the court violated her privilege not to incriminate herself. The defendant failed to raise this claim at trial either by a motion to suppress or by objecting to the testimony when it was given. She now seeks review under the bypass rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

---

[1] In addition to the listed claims, the defendant asserts that because of the cumulative effect of the court's improper evidentiary rulings and the court's denial of her motion for a new trial, her conviction should be reversed and a new trial ordered. We do not reach these claims in light of our conclusion that the court's rulings were correct.

Before a defendant can prevail on an unpreserved claim under the *Evans* and *Golding* standard, she must present, inter alia, an adequate record for our review. *State* v. *Golding,* supra, 240. The burden of providing an adequate record rests on the defendant. *State* v. *Anderson,* 209 Conn. 622, 633, 553 A.2d 589 (1989).

The persuasiveness of the defendant's belated hearsay claim is weakened by the failure of the record to reflect the circumstances surrounding her statement to Hedge, whether any *Miranda* warnings were given before she made her statement, or whether her statement was volunteered. *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). In addition, it is impossible to determine, after the fact, whether these statements were entered to prove the truth of the matter asserted or to demonstrate the defendant's state of mind. In light of the fact that the record does not substantiate the defendant's claim, we decline to review it further.

The defendant also claims that the trial court should not have allowed Hedge to testify as to what the victim told him after the incident. She asserts that these statements were prior consistent statements and as such should not have been admitted to bolster the victim's earlier testimony. She also asserts that these statements were impermissible hearsay. Although the defendant objected to this testimony, she did not take an exception to the court's ruling.

Practice Book § 288 requires that trial counsel take a timely exception to a ruling on the admission of evidence in order to preserve the claim for appeal. In this way a trial court is alerted to any possible mistake while there is still time to correct it. *State* v. *King,* 216 Conn. 585, 590, 583 A.2d 896 (1990); *State* v. *Kim,* 17 Conn. App. 156, 158, 550 A.2d 896 (1988). We will not review this claim. *State* v. *Anonymous (83-FG),* 190 Conn. 715, 730, 463 A.2d (1983).

The defendant next claims that the court improperly allowed the state to impeach her credibility. The following facts are relevant to the resolution of this claim. When she was seventeen, the defendant applied for, and was granted, accelerated rehabilitation. Five years later, when she was charged with the present offense she once again applied for accelerated rehabilitation, swearing under oath that she had never been granted accelerated rehabilitation on any prior occasion. The defendant now claims that the trial court should not have allowed the state to use the defendant's false testimony to impeach her credibility because of its devastating effect on her.

A witness may be impeached by evidence of specific acts of misconduct that relate to veracity. *State* v. *Moore,* 23 Conn. App. 479, 485, 581 A.2d 1071 (1990). In particular, a witness may be impeached by eliciting testimony that she lied under oath when applying for accelerated rehabilitation. *State* v. *Wynter,* 19 Conn. App. 654, 663–64, 564 A.2d 296, cert. denied, 213 Conn. 802, 567 A.2d 834 (1989). The trial court has broad discretion in setting the limits of cross-examination when a witness' credibility is being attacked. Id. Thus, the trial court properly exercised its discretion in allowing the defendant to be impeached by her prior false statement.

The defendant next claims that the trial court abused its discretion by refusing to grant a two day continuance to allow the defendant to call Nancy Radoff, the attorney that represented her when she applied for accelerated rehabilitation for a second time.

The court offered a one day continuance which the defendant declined. The court also inquired as to the nature of the expected testimony of the witness and determined that it would not warrant a two day delay of the trial since the defendant had no further evidence

·to offer. A determination to grant or deny a request for a continuance is within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *State* v. *Aillon,* 202 Conn. 385, 394, 521 A.2d 555 (1987). When a defendant seeks a continuance to produce an absent witness, she bears the heavy burden of proving that the court acted arbitrarily and substantially impaired her ability to defend herself. Id., 395. We conclude that the court did not abuse its discretion. The defendant next claims that the prosecutor's closing remarks went beyond the scope of proper rebuttal argument. Although the defendant objected to the prosecutor's remarks, the court never ruled on the objection and the defendant never took an exception. "It is elementary that to appeal from the ruling of a trial court there first must be a ruling." *State* v. *Kim,* supra, 157. Because the defendant did not request that the court take some action on her objection, she has waived her claim.

The defendant also questions the trial court's instruction on self-defense. Following the court's charge to the jury, it inquired as to any objections. The defendant responded that she took exception to the fact that the court did not instruct the jury "that the person who acts in self-defense does not have to be without fault," as she had requested in her request to charge. In a criminal proceeding there is no duty to charge the jury in the identical language requested as long as the charge is accurate, adequate and its substance properly includes material portions of the defendant's request. *State* v. *Delgado,* 13 Conn. App. 139, 145, 535 A.2d 371 (1987). The charge that was given in the present case met these standards. The defendant's claim is without merit.

The defendant also claims that the court improperly refused to allow two witnesses to testify about specific prior threats that the victim allegedly made to the

defendant. "A victim's violent character may be proven by reputation or opinion evidence or by evidence showing convictions for crimes of violence." *State* v. *Knighton,* 7 Conn. App. 223, 229, 508 A.2d 772 (1986). "Except where character is directly in issue, a person's violent character may not be established by evidence of specific acts. . . . Such evidence of specific instances of conduct is excluded . . . because it has the potential to surprise, to arouse prejudice, to multiply the issues and confuse the jury, and to prolong the trial." (Citation omitted.) *State* v. *Gooch,* 186 Conn. 17, 21–22, 438 A.2d 867 (1982). Because the proffered testimony did not involve admissible evidence, the trial court properly excluded it.

The defendant's final reviewable claim is that the court should not have admitted color photographs of the victim's sixty-five stitch facial wound into evidence because they were gruesome, prejudicial and inflammatory, and tended only to provoke sympathy for the victim.

When photographs have a reasonable tendency to prove or disprove a material element of the crime charged, or shed light on a material inquiry, they "are not rendered inadmissible simply because they may be characterized as 'gruesome.' " *State* v. *Piskorski,* 177 Conn. 677, 700, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). The admission of such photographs is within the discretion of the trial court. The photographs in the present case were relevant to the issues presented by the case. In addition, the photographs were relevant to the issue of whether the defendant caused serious physical injury, an element of assault in the second degree under the alternative section, General Statutes § 53a-60 (a) (3), with which the defendant was charged. We conclude that the photographs were properly admitted.

The judgment is affirmed.

In this opinion the other judges concurred.