## STATE OF CONNECTICUT *v.* TIMOTHY A. KINDRICK (11286)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued December 4, 1992—decision released January 19, 1993

*Carolyn O. Brotherton,* for the appellant (defendant).

*John Paul Pannone,* assistant state's attorney, with whom were *Shelley L. Graves,* certified legal intern, and, on the brief, *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from his conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a).[1]

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person  . . . ."

The defendant claims that the trial court improperly (1) precluded evidence of prior sexual conduct of the victim, and (2) failed to rule on reopening the evidence to hear new evidence.

The jury could reasonably have found the following facts. The defendant, a sailor stationed at the submarine base in Groton, met the victim in early August, 1991. They had two dates and, on the evening of August 30, 1991, went on a double date with another couple. It was mutually agreed that they would rent a motel room for watching television, eating pizza and dancing. The victim claimed that, early in the morning of August 31, the defendant sexually assaulted her.

I

The defendant first claims that the trial court improperly granted the state's motion in limine excluding evidence of the defendant's prior sexual conduct with the victim. Pursuant to Connecticut's rape shield law, General Statutes § 54-86f,[2] the trial court conducted a hear-

---

[2] General Statutes § 54-86f provides: "In any prosecution for sexual assault under sections 53a-70, 53a-70a, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence is (1) offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury, or (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct, or (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the victim, when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. On motion of either party the court may order such hearing held in camera, subject to the provisions of section 51-164x. If the proceeding is a trial with a jury, such hearing shall be held in the absence of the jury. If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the

ing on the motion outside the presence of the jury. The hearing consisted solely of defense counsel's questioning of the victim regarding her relationship with the defendant. Every question elicited a denial of prior sexual conduct between the victim and the defendant. The closest the victim came to providing an answer that might be helpful to the defendant was her comment, "I do remember kissing and hugging him, but I don't recall anything else. It's not in my memory. I'm sorry." The defendant did not testify at this hearing nor did he disclose, through the testimony of other witnesses, what evidence of prior sexual conduct between the victim and himself he wanted to present. Furthermore, he offered no evidence of consent by the victim.

Our rape shield statute provides that no evidence of the prior sexual conduct of the victim is admissible in evidence unless it falls within one of the four exceptions set forth therein. *State* v. *Christiano,* 29 Conn. App. 642, 645, 617 A.2d 470 (1992). The defendant argues that the evidence was admissible under the third and fourth exceptions, General Statutes § 54-86f (3) and (4).[3] Subdivision (3) allows evidence of the victim's prior sexual conduct with the defendant on the issue of the victim's consent when consent is raised as a defense. The evidence, however, must be relevant to whether the victim consented at the time of the assault. *State* v. *Butler,* 11 Conn. App. 673, 682, 529 A.2d 219, cert. denied, 205 Conn. 806, 531 A.2d 938 (1987).

The defendant complains that the trial court's ruling improperly deprived him of the opportunity to tell the jury about his prior dates with the victim. Even if we assume arguendo that sexual activity had taken

motion. The testimony of the defendant during a hearing on a motion to offer evidence under this section may not be used against the defendant during the trial if such motion is denied, except that such testimony may be admissible to impeach the credibility of the defendant if the defendant elects to testify as part of the defense."

[3] See footnote 2, supra.

place on those dates, it was necessary that the defendant, through his own testimony or otherwise, demonstrate this fact to the trial court and at the same time show how this activity led to the victim's consent on the occasion in question. The defendant, however, failed to show that any prior sexual conduct whatsoever had taken place between himself and the victim. By no stretch of the imagination can the denials elicited by defense counsel be construed to be evidence of prior sexual conduct.

In determining whether to admit evidence pursuant to the statute, the trial court must weigh the prejudicial impact of the evidence against its probative value. *State* v. *Rinaldi,* 220 Conn. 345, 355, 599 A.2d 1 (1991). This determination is within the trial court's sound discretion and will be reversed only where there is a manifest abuse of discretion or injustice appears to have been done. Id. Here, the trial court properly ruled that any probative value, afforded by a repetition of the victim's denials before the jury, would be outweighed by its prejudicial value. "In light of the fact that . . . [the victim] only would have denied the allegations again if she were allowed to testify in front of the jury, it is difficult to perceive any justification for breaking down the barriers of the rape shield statute except to harass and embarrass [the victim] and confuse or mislead the jury." *State* v. *Williams,* 20 Conn. App. 263, 270, 565 A.2d 1365 (1989). Moreover, a condition precedent to this exception is that the defendant raise a defense of consent. *State* v. *Daniels,* 8 Conn. App. 190, 194, 512 A.2d 936 (1986). In the present case, there was no evidence that the defendant intended to raise this defense.

Subdivision (4) of General Statutes § 54-86f allows admission of the victim's prior sexual conduct if it is "otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights." Such evidence "is admissible under this statute only if it fulfills the require-

ments of the statute that its probative value outweighs its prejudicial effect, within the context of the facts and circumstances of the case in which it arises." (Internal quotation marks omitted.) *State* v. *Christiano,* supra, 645–46. The evidence may be excluded where its relevancy is so "slight and inconsequential that to admit it would distract attention which should be concentrated on vital issues of the case." (Internal quotation marks omitted.) Id., 646. Here, however, there was *no* evidence of the claimed prior sexual conduct before the trial court. Accordingly, the trial court's granting of the state's motion in limine did not violate the defendant's constitutional rights.

## II

The defendant next claims that the trial court failed to voir dire a witness who came forward while the jury was deliberating and failed to make an in-court ruling relating to the witness' claimed new evidence. The defendant, however, never made a motion of any type concerning the alleged newly discovered evidence, nor did he make an offer of proof upon which the trial court could base a ruling. "It is elementary that to appeal from the ruling of a trial court there must first be a ruling." *State* v. *Kim,* 17 Conn. App. 156, 157, 550 A.2d 896 (1988). Without a motion, a hearing on the motion and ultimate findings or rulings of the trial court, there is no record for us to review. "[T]his court cannot review a nonexistent ruling." *Augeri* v. *Planning & Zoning Commission,* 24 Conn. App. 172, 179, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1383 (1991). It is the duty of the appellant to furnish this court with a proper appellate record. *State* v. *Hoeplinger,* 27 Conn. App. 643, 646–47, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). Accordingly, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.