[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff having been convicted of the crime of sexual assault in the first degree, in violation of General Statutes 53a-70(a), has brought this action, a petition for a new trial, under the provisions of General Statutes 52-270
claiming the discovery of new evidence. Section 52-270
allows the court to grant a new trial upon the discovery of new evidence. CT Page 2467
For reasons hereinafter stated the petition is denied.
The standard for granting a new trial on the basis of newly discovered evidence has been established by the supreme court and is set forth in Asherman v. State,202 Conn. 429, 434 (1987) as follows:
 "The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. This strict standard is meant to effectuate the underlying "equitable principle that once a judgment is rendered it is to be considered final," and should not be disturbed by posttrial motions except for a compelling reason. In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial." (Citations omitted).
The evidence in question consisted primarily of the testimony of Brian Buckley of New London. Mr. Buckley testified that on February 19, 1992 he read an article in the New London Day about plaintiff's criminal trial then in progress. Although the name of the female victim was not mentioned in the article, from the information in the article, Buckley concluded that he knew who she was and that he had seen her on the night of the incident. He also felt that he had information which was at variance with the newspaper article.
Buckley contacted plaintiff's attorney later in the CT Page 2468 evening of February 19, 1992 and told her what he knew about the case. The next day, at the attorney's request, he came to the court house.
At the time Buckley came forward the taking of evidence in the case had been concluded and the jury was in deliberation. Although there was some discussion in chambers, Buckley's testimony was not presented in court. State v. Kindrick, 30 Conn. App. 56, 60 (1993).
Applying the Asherman standard to Mr. Buckley's evidence it must be concluded the first three conditions have been met.
Plaintiff has proven by a preponderance of the evidence that such evidence is newly discovered. Prior to Buckley coming forward there was no reason for plaintiff to have suspected that it existed and the exercise of due diligence would not have discovered it.
Buckley's testimony, as discussed below, was at variance with the testimony of several of the state's witnesses, would have been admitted at the trial if available, and would be material in a new trial. It would not be merely cumulative.
The fourth condition presents the only issue. Would Buckley's testimony likely produce a different result in a new trial?
At the hearing in this petition Buckley testified that he and about twenty to forty other young people used to hang out evenings at a shopping center parking lot in Groton. From the particulars of the newspaper article in evidence he recognized the victim was a member of the group.
He had known the victim for about a year and had been in her company on a number of occasions. They had never dated but he considered her a friend.
Although he could not be certain of the date, circumstances led him to conclude that on the night of the assault he arrived at the parking lot between 12:30 a.m. and 1:00 a.m. CT Page 2469
Buckley testified that he recognized the victim's automobile and that she came to the parking lot between 1:00 a.m. and 1:30 a.m. on the same date. (There was a question as to whether or not he saw her on more than one occasion that evening.)
According to Buckley the victim came over to his truck and talked to him for about thirty to forty-five minutes. He testified that she was drunk, not walking right, slurring her words and had the odor of alcohol about her.
Buckley also stated that the victim was upset and crying. He testified that she said she had been at the Navy Lodge and that someone had taken advantage of her.
He further testified that she left about 2:00 a.m. to 2:30 a.m.
In response to questions from the state's attorney, Buckley testified that although he considered the victim a friend he did not prevent her from driving off even though he considered her drunk.
The testimony which Buckley gave was at variance with the testimony of the victim particularly with respect to her sobriety, the amount of alcohol she consumed, and the time certain things took place. The victim's sobriety also involved her capacity to observe and recall.
Buckley's testimony was also at variance with that of Mason Crawford and the victim's mother. The evidence would be relevant on the issue of credibility and the weight to be accorded the testimony of the victim and the other state's witnesses.
In State v. Edwards, 10 Conn. App. 503 (1987) the court addressed the issue of such evidence on a motion for a new trial. The rule should be the same in a petition for a new trial such as we have here.
In Edwards, at page 515, the supreme court stated that:
 "Where claimed newly discovered evidence would merely affect the CT Page 2470 credibility of a witness, it is not a ground for a new trial unless it is reasonably probable that on a new trial there would be a different result. . . . Only under most exceptional circumstances, even in a capitol case, could a witness' testimony be so important and influential that a court could, within the limits of a sound discretion, determine that new evidence merely impeaching the witness' credibility would probably produce a different result. . . . The rule restricting the right to a new trial when one is claimed on the basis of newly discovered evidence merely affecting the credibility of a witness is necessary because `scarcely has there been an important trial, with many witnesses, where [after the trial] diligent search would not have discovered evidence [to impeach the charter of] some witness on the trial.'"
Plaintiff argues that the new evidence would probably produce a different result at a new trial. He claims that the victim's credibility was essential to the state's case and that Buckley's testimony would cast doubt about the veracity of her testimony sufficient to raise a reasonable doubt in the minds of the jurors.
It cannot be found, however, that plaintiff has sustained his burden of proof on this issue.
Buckley's testimony about the victim's degree of intoxication was after all the subjective opinion of a young man about a distraught young woman who was upset and crying claiming that she had been taken advantage of at the Navy Lodge.
A jury could well believe Buckley's testimony but find that it supported the victim's claim on the essential issue of the sexual assault.
Considering all the evidence it cannot be found CT Page 2471 that the newely discovered evidence is likely to produce a different result in a new trial.
Accordingly, judgment is rendered against the plaintiff and the petition is denied.
Purtill, J.