JEFFREY GIBSON *v.* COMMISSIONER OF
CORRECTION
(AC 25365)

Flynn, C. J., and Bishop and Lavine, Js.

Argued September 13—officially released October 31, 2006

*Neal Cone,* senior assistant public defender, for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Jeffrey Gibson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his May 19, 2003 amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel rendered ineffective assistance. In addition, the petitioner asks us to vacate the judgment of the habeas court on equitable grounds and to order a new habeas trial. We dismiss the appeal.

The following facts, as set forth in the petitioner's direct appeal, are relevant to the determination of the issues on appeal. "The jury reasonably could have found the following facts. On September 25, 1995, at approximately 9:20 p.m., John Goad, an officer with the New Haven police department, responded to gunshots he

heard coming from the vicinity of Rossette and DeWitt Streets. As he approached the area, he found the victim, Andre Barnes, lying in the middle of the street, bleeding from his forehead and chest. An eyewitness saw the [petitioner] shoot the victim and fire the initial shot. This was corroborated by forensic evidence found at the scene. The victim died as a result of his injuries.

"After the shooting, the [petitioner] went to his sister's house, subsequently threw the gun into a river and took a bus to South Carolina, where he remained until November, 1995. On November 15, 1995, the police located the [petitioner] in West Haven and took him into custody. After waiving his *Miranda*[1] rights, the [petitioner] gave a statement to the police that he shot the victim but that he acted in self-defense. He claimed further that the victim had fired the first shot. At trial, the [petitioner's] testimony was consistent with the statement he had given to the police." *State* v. *Gibson*, 56 Conn. App. 154, 155–56, 742 A.2d 397 (1999). The jury found the petitioner guilty of murder in violation of General Statutes § 53a-54a and carrying a pistol without a permit in violation of General Statutes § 29-35. On December 19, 1997, the trial court sentenced him to an effective term of forty-five years imprisonment, and we affirmed his conviction on direct appeal. See *State* v. *Gibson*, supra, 154.

At his criminal trial, the petitioner was represented by attorney Donald Dakers, a special public defender. On May 19, 2003, the petitioner filed an amended petition for a writ of habeas corpus, claiming ineffective assistance of trial counsel. On March 8, 2004, the habeas court conducted a hearing at which Dakers and the petitioner were the only two witnesses presented. That same day, the court dismissed the petition and, thereafter, denied the petition for certification to appeal. This appeal followed.

---

[1] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

As an initial matter, we set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). In order for us to find that the habeas court abused its discretion, the petitioner first must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

I

We first address whether the habeas court abused its discretion in denying the petition for certification to appeal with respect to the petitioner's claim that he received ineffective assistance of trial counsel.

The standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. "We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts

as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness." (Citation omitted; internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 424–25, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006). On the basis of our review of the record, we conclude that the court properly found that the petitioner failed to prove that Dakers' performance was deficient, and, therefore, it did not abuse its discretion in denying the petition for certification to appeal.

At his habeas trial, the petitioner attempted to prove that Dakers' performance was deficient, in part,[2]

---

[2] In his amended petition, the petitioner claimed that his "due process rights to the effective assistance of trial counsel were denied by the actions and/or omissions of . . . Dakers before and during the jury trial in the following respects: [A]. [T]rial counsel [inadequately] advised the [p]etitioner concerning the plea agreement that was offered prior to trial. [B]. [T]rial counsel [inadequately] investigate[d] the factual basis of the [s]tate's evidence case prior to the jury trial. [C]. [T]rial counsel [inadequately] explain[ed] to the [p]etitioner the range of sentence that would be available to the court in the event that the [p]etitioner was convicted as charged after trial. [D]. [T]rial counsel failed to properly [cross-examine] available and

because Dakers allegedly failed to investigate one of the state's witnesses, Katherine Hutchings, and discover whether she was a paid police informant. After listening to the testimony presented during the habeas trial, the court found that the petitioner's testimony was not worthy of credit and that Dakers' testimony was credible. The court then concluded that "the petitioner has failed to prove that attorney Dakers performed deficiently . . . ."

In this appeal, the petitioner has briefed his ineffective assistance of counsel claim only as it relates to Dakers' nondiscovery of alleged payments made to Hutchings by the police. However, no evidence of these claimed payments was introduced at the habeas trial, nor was there any evidence, be it in the form of expert testimony or other forms of proof, from which the court could have concluded that Dakers' investigative methods were inadequate or deficient.[3] Therefore, we have nothing in the record before us, which we are permitted to review, that would support a conclusion different from the one reached by the court. In the absence of any such evidence presented to the court, we conclude

known prosecution witness[es] during trial. [E]. [T]rial counsel failed to adequately investigate and/or properly prepare defense witnesses for examination during trial. [F]. [T]rial counsel failed to adequately investigate the factual basis for impeaching prosecution witnesses. [G]. [T]rial counsel failed to adequately investigate the factual basis concerning the defense version of the incident giving rise to the charge. [H]. [T]rial counsel failed to adequately investigate the factual basis of the [s]tate's evidence case prior to trial. [I]. [T]rial counsel failed to adequately take precautions to avoid the introduction of evidence prejudicial to the [p]etitioner. [J]. [T]rial counsel failed to adequately investigate the law as it related to the [s]tate's case against the [p]etitioner. [K]. [T]rial counsel failed to adequately prepare the [p]etitioner's defense. [L]. [T]rial counsel failed to adequately present the [p]etitioner's defense. [M]. [T]rial counsel failed to adequately advise the [p]etitioner concerning his defense. [N]. [T]rial counsel's representation of the [p]etitioner during the jury trial was not reasonably competent."

[3] The petitioner has directed us to information that was not presented to the court. For purposes of this appeal, however, we are unable to consider this information.

that the petitioner has failed to show that Dakers' performance was unreasonable or deficient. Accordingly, we do not address the prejudice prong of *Strickland*.

Our review of the petitioner's underlying claim of ineffective assistance of counsel leads us to conclude that he has not demonstrated that the issue is debatable among jurists of reason, that a court could resolve the issue differently or that the issue deserves encouragement to proceed further. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal on the basis of the petitioner's claim of ineffective assistance of trial counsel.

## II

The petitioner next claims that the performance of habeas counsel was deficient because he, like Dakers, failed to conduct a proper investigation of Hutchings and failed to discover that she was a paid police informant. The petitioner requests that we invoke principles of equity and, on that basis, vacate the court's judgment and order a new habeas trial. He argues that because information about Hutchings readily was available, and because the state knew that Hutchings was an informant and that she had received money from the police many times, as demonstrated in two later unrelated cases, this court should use its equitable powers to order a new habeas proceeding, challenging the performance of habeas counsel. The petitioner also argues that we should, in effect, consider this appeal as a direct appeal from a habeas proceeding. This, however, is not our rule of law.

The petitioner's claim that his habeas counsel was ineffective cannot be addressed in this appeal, as it is not properly before us. Nor is this such an extreme case that it calls for equitable intervention from this court. Although the petitioner correctly asserts that he has a statutory right to adequate and effective habeas

counsel;[4] see *Lozada* v. *Warden*, 223 Conn. 834, 838–39, 613 A.2d 818 (1992); a claim that this right was violated must be raised in a subsequent habeas petition so that his case can be presented during an evidentiary hearing. See *Lapointe* v. *Commissioner of Correction*, 67 Conn. App. 674, 679–80, 789 A.2d 491, cert. denied, 259 Conn. 932, 793 A.2d 1084 (2002).[5] This court is unable to conduct an evidentiary hearing, and, as such, this is an inappropriate forum for assessment of the petitioner's claim where we are without an adequate and reviewable record.

The petitioner also claims, for the first time on appeal, that the state's knowledge and lack of disclosure of information concerning Hutchings violates *Brady* v.

---

[4] The petitioner claims a separate right under our state constitution. In light of our conclusion that this is an improper forum to raise his claim of ineffective assistance of habeas counsel, we do not address this argument.

[5] In *Lapointe*, Judge O'Connell, writing for the court, succinctly expressed our law in such cases: "The law presumes that counsel is competent until evidence has been introduced to the contrary. *Strickland* v. *Washington*, [supra, 466 U.S. 689]. It is elementary jurisprudence that the determination of whether counsel's conduct was ineffective is a peculiarly factbound inquiry. *Phillips* v. *Warden*, 220 Conn. 112, 134, 595 A.2d 1356 (1991). No citation is needed for the fundamental principle that as an appellate tribunal, this court cannot find facts. Only a trial court could find that [counsel's] performance was constitutionally defective, and it could do so only after a claim of ineffective assistance of counsel was properly filed, pleaded and litigated. Our Supreme Court has consistently concluded that the preferred vehicle for an ineffective assistance of counsel claim is either a petition for a writ of habeas corpus or a petition for a new trial, not a direct appeal. . . . Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency. . . .

"The petitioner is not without remedy. There is no bar to his filing a petition for a second writ of habeas corpus challenging the effectiveness of his first habeas counsel. *Lozada* v. *Warden*, [supra, 223 Conn. 845]. We conclude, therefore, that the petitioner improperly raised this claim on direct appeal from the dismissal of his habeas petition." (Citation omitted; internal quotation marks omitted.) *Lapointe* v. *Commissioner of Correction*, supra, 67 Conn. App. 679–80.

*Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 747 (1963). This claim essentially asks us to assume that these alleged payments to Hutchings had occurred at the time that Dakers was conducting his investigation in preparation of the petitioner's case and that the state had knowledge of them. We decline to review this claim because we do not have an adequate and reliable record on which to base such review.

The appeal is dismissed.

In this opinion the other judges concurred.