## TYRONE REID *v.* COMMISSIONER OF CORRECTION
### (AC 27139)

Schaller, Bishop and Lavine, Js.

Argued November 30, 2006—officially released March 13, 2007

---

*James M. Fox*, special public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Tyrone Reid, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel rendered ineffective assistance. We dismiss the petitioner's appeal.

The facts of the underlying criminal case are set forth in *State* v. *Reid*, 85 Conn. App. 802, 858 A.2d 892, cert. denied, 272 Conn. 908, 863 A.2d 702 (2004), in which this court affirmed the petitioner's conviction for conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4), robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and risk of injury to a child in violation of General Statutes § 53-21 (a) (1).

On April 7, 2005, the petitioner filed an amended petition for a writ of habeas corpus. The petitioner alleged that his trial counsel, attorney Sarah F. Summons, was deficient in two ways. First, he claimed that she failed to advise him adequately concerning the consequences of withdrawing his speedy trial motion.[1] Second, he asserted that she failed to advise him adequately regarding whether he should testify.

---

[1] The petitioner never asked Summons to file a speedy trial motion but filed such a motion on his own initiative in July, 2002. He did not inform Summons until after he had filed the motion.

The court conducted a hearing on the petition on May 31, 2005, in which both the petitioner and Summons testified. As to the first claim, the petitioner testified that he only withdrew his motion because Summons advised him that she was not prepared at the time to proceed and promised him that he would receive credit for the time he was serving in jail prior to trial if he withdrew the motion. Summons testified that while she did inform the petitioner that she needed additional time to prepare an alibi defense, she did not tell him that he had to withdraw the motion nor did she promise him that he would receive credit for any time served while awaiting trial. With regard to the second claim, the petitioner testified that after the state rested, he informed Summons that he wanted to testify but that she said that "[he] didn't have to because [the state] didn't prove the case." Summons again denied counseling the petitioner in this regard, maintaining that she asked him before, during and after the state had presented its case whether he wanted to testify and that it was his decision not to do so.[2]

The court issued a memorandum of decision in which it concluded that the petitioner failed to sustain his burden of proof with respect to the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),[3] for evaluating claims of

---

[2] Moreover, the respondent, the commissioner of correction, offered a letter into evidence that Summons had sent to the petitioner after trial summarizing her representation in the case. The letter stated that the petitioner initially informed her that he would wait until after the state presented its evidence to decide whether he would testify and that after the state had done so, he chose not to testify.

[3] "In *Strickland* v. *Washington*, [supra, 466 U.S. 687], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 92 Conn. App. 534, 536, 885 A.2d 1268 (2005), cert. denied, 277 Conn. 903, 891 A.2d 2 (2006).

ineffective assistance of counsel. Acknowledging the "sharp conflict" between the petitioner's and Summons' testimony, the court found that the petitioner failed to prove that Summons had "mistakenly told him that he would receive credit for the time he spent in jail awaiting trial" and that she had "prevented him from testifying at trial." With regard to the petitioner's second claim, the court specifically stated that "[n]otwithstanding the petitioner's complaints to the contrary, it is clear that . . . Summons did not override the petitioner's right to testify. He voluntarily chose to remain silent over the advice of counsel." Moreover, the court concluded that "[t]he petitioner clearly received representation that met and exceeded the constitutional minimum." Accordingly, the court determined that the petitioner had failed to show that Summons' performance was deficient. The court dismissed the petition for a writ of habeas corpus and subsequently denied the petition for certification to appeal.

"Faced with a habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "In order for us to find that the habeas court abused its discretion, the petitioner first must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Gibson* v. *Commissioner of Correction*, 98 Conn. App. 311, 314, 908 A.2d 1110 (2006), cert. denied, 281 Conn. 908, 916 A.2d 49 (2007).

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed

unless the findings were clearly erroneous. . . . This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citations omitted; internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 561–62, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002).

With those legal principles in mind, we have reviewed the entire record before us, including the court's memorandum of decision, briefs, file, exhibits and transcripts. We conclude that the petitioner has failed to carry his burden of demonstrating that the court abused its discretion in denying his application for certification to appeal. He has not established that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions deserve encouragement to proceed further. See *Gibson* v. *Commissioner of Correction*, supra, 98 Conn. App. 317.

The appeal is dismissed.