## REGINALD R. WATKINS *v.* COMMISSIONER OF CORRECTION
## (AC 16503)

Foti, Landau and Schaller, Js.

Argued September 19—officially released October 21, 1997

*Reginald R. Watkins,* pro se, the appellant (petitioner).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly denied his claim of ineffective assistance of counsel. After reviewing the record and briefs and hearing from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right.

The habeas court considered the petitioner's claims that his counsel failed (1) to object to or to prevent the consolidation of the six bank robbery charges or to construct a record for a future appeal, (2) to object to the jury charge that lacked an instruction on identification as an element of the crime of robbery or to submit a charge on the element of identification, and (3) to

object to the jury charge permitting conviction if the defendant used force or threat of force where the state introduced no evidence of force.[1]

The habeas court heard testimony from the petitioner and his attorney regarding the petitioner's claims. The court did not credit the petitioner's testimony and specifically found that he had failed to sustain his burden of proving that counsel's performance was deficient and that he was prejudiced by the allegedly ineffective performance. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The habeas court concluded, in its memorandum of decision, that the "attorney's testimony lent credibility to the fact that most of the complaints that the petitioner had revolved around the trial strategy. This strategy made sense to the [judge] . . . ."

" 'This court does not retry the case or evaluate the credibility of the witnesses.' *State* v. *Amarillo*, [198 Conn. 285, 289, 503 A.2d 146 (1986)]." *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). " 'Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . .' *State* v. *Mejia*, [233 Conn. 215, 224, 658 A.2d 571 (1995)]." *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). "In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 386, 682 A.2d 618, cert. granted on other

---

[1] The habeas court also considered the petitioner's claims that his attorney improperly (1) reacted to evidence regarding possibly inappropriate line-up procedures used by the police, and (2) failed to prepare an adequate argument in support of his oral motion for judgment of acquittal; however, the petitioner has not raised these issues on appeal.

grounds, 239 Conn. 945, 686 A.2d 120 (1996). Further, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy. . . .'" *Strickland* v. *Washington*, supra, 466 U.S. 689; see also *Johnson* v. *Commissioner of Correction*, 222 Conn. 87, 98, 608 A.2d 667 (1992); *Valeriano* v. *Bronson*, 12 Conn. App. 385, 393–94, 530 A.2d 1100 (1987), aff'd, 209 Conn. 75, 546 A.2d 1380 (1988).

We conclude that the habeas court had before it sufficient evidence to deny the petition for a writ of habeas corpus.

The judgment is affirmed.