GARY SADLER *v.* COMMISSIONER OF CORRECTION
(AC 25257)

Bishop, DiPentima and McLachlan, Js.

Submitted on briefs April 29—officially released August 9, 2005

*Veronica M. Tomasic,* special public defender, filed a brief for the appellant (petitioner).

*John A. Connelly,* state's attorney, *Denise B. Smoker,* assistant state's attorney, and *Robin A. Lipsky,* senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gary Sadler, appeals following the denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was charged in the June 26, 1996 shooting death of David Moore. He was arrested on Novem-

ber 6, 1996, and signed a voluntary statement confessing to the killing. Additionally, two eyewitnesses identified the petitioner as the shooter, one of whom knew the petitioner and identified him by name. During jury selection on the substituted charge of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a), the petitioner pleaded guilty pursuant to the *Alford*[1] doctrine to one count of manslaughter in the first degree with a firearm and was sentenced to thirty years incarceration pursuant to a plea agreement.

In his habeas petition, the petitioner claims that his trial counsel was ineffective in failing to file a motion to suppress his statement to police, which he claims was coerced and involuntary. He argues that, had his statement been suppressed, he could have obtained a more favorable plea agreement. Instead, trial counsel pursued an extreme emotional disturbance defense and did not attempt to suppress the petitioner's statement, seeking instead to have the statement redacted in part.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Parham* v. *Commissioner of Correction*, 66 Conn. App. 844, 845–46, 786 A.2d 515 (2001), cert. denied, 259 Conn. 912, 791 A.2d 565 (2002).

As a preliminary matter, we note that the petitioner now claims that, in addition to his trial counsel, his habeas counsel also was ineffective. We do not address that issue, as it is not properly before us. The petitioner asserts correctly that he is constitutionally entitled to adequate and effective habeas counsel. See *Lozada* v. *Warden*, 223 Conn. 834, 838–39, 613 A.2d 818 (1992). This claim, however, must be raised in a subsequent habeas petition. *Lapointe* v. *Commissioner of Correction*, 67 Conn. App. 674, 679–80, 789 A.2d 491, cert. denied, 259 Conn. 932, 793 A.2d 1084 (2002).

As to the issues that properly are before this court, on the basis of our review of the record, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal. The petitioner's ineffective assistance of counsel claim fails under the first prong of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), because the habeas court's determination that trial counsel's performance was not deficient was based on its assessment of the credibility of witnesses, and this court will not retry the case or evaluate the credibility of witnesses. See, e.g., *Watkins* v. *Commissioner of Correction*, 47 Conn. App. 62, 63, 702 A.2d 141 (1997). In this case, the statement that the petitioner alleges should have been suppressed was signed and initialed by the petitioner. Moreover, the two attorneys who represented him in the trial court testified at the habeas trial that the petitioner never claimed to have been

threatened or coerced into giving the statement. In fact, their testimony was to the contrary. One of the petitioner's trial counsel testified that, given the existence of the voluntary statement and the two eyewitnesses to the crimes, he determined that it was fruitless and unnecessary to investigate further the circumstances of the shooting and instead focused on a mental health defense. The habeas court determined that there was no basis for filing a motion to suppress. "In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) Id. Thus, the habeas court correctly concluded that the petitioner had not satisfied his burden of proving deficient performance on the part of his counsel. See *Strickland* v. *Washington,* supra, 466 U.S. 687.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he raises before us are debatable among jurists of reason such that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden,* 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.