## STATE OF CONNECTICUT *v.* JAMES BROWN
### (AC 24682)

McLachlan, Gruendel and Harper, Js.

Argued April 26—officially released August 23, 2005

*Matthew J. Collins*, special public defender, for the appellant (defendant).

*Elizabeth M. Moseley*, special deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Terri L. Sonneman*, assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, James Brown, appeals from the judgment of conviction, rendered after a trial to the court, of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d) and criminal trespass in the third degree in violation of General Statutes § 53a-109.[1] On appeal, the defendant claims only that there was insufficient evidence to convict him of violating

---

[1] The defendant was acquitted of a charge of possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b). The court imposed a total effective term of nine years imprisonment.

§ 21a-278 (b) because the state failed to establish that he intended to sell the narcotics. We affirm the judgment of the trial court.

From the evidence presented at trial, the court found the following facts.[2] "On August 22, 2002, [Detectives Jose Santiago, Patricia Beaudin and Nestor Caraballo, all employed by the Hartford police vice and narcotics division] were assigned to patrol what [are] known as the hot zones in the city, namely, Dutch Point, the north end and Park Street. At about 11:45 a.m. . . . they were driving through the Dutch Point housing project in the area of 24B Dutch Point. . . . They drove from Norwich Street into the back lot of this area [and] saw a vehicle they identified as an Explorer. The defendant was observed standing outside the Explorer and talking to the passenger in the vehicle.

"Santiago blocked the vehicle, and he and the defendant looked at each other. . . . Santiago described the defendant as looking surprised. The defendant stepped back and tossed [a] large white bag, which landed approximately ten feet away from the vehicle over by [a] fence. . . . Santiago grabbed the defendant and . . . Beaudin retrieved the bag from the fenced area. She looked through the bag and communicated to . . . Santiago to place the defendant under arrest. . . . Santiago arrested the defendant and searched him incident to that arrest. . . .

"Among the items in the bag retrieved from the fence was a cellular telephone, automobile parts, including two boxes with small, thin metal rods, and two other bags. One of these bags contained eight bundles of

[2] The record does not contain either a memorandum of decision or a signed transcript containing the court's decision. We determine, however, that the unsigned transcript adequately reveals the court's factual findings and legal conclusions for purposes of our review. See *Gambardella* v. *Apple Health Care, Inc.*, 86 Conn. App. 842, 845 n.3, 863 A.2d 735 (2005).

suspected narcotics, and the other [bag contained] five to six bundles of suspected narcotics. A bundle is described as being ten smaller packets packaged together. The automobile parts in the bag matched the items listed on the receipt which had been found in the defendant's pocket. A sample of the substance in the smaller packets was tested using valtox, and the substance tested positive for the presence of heroin. . . .

"The items seized from the bag were taken to the police department's office, which was nearby, and inventoried. . . . [T]he smaller bags of narcotics totaled 136." Subsequent testing of the substance at the state toxicology laboratory confirmed that the substance seized from the defendant was heroin. Additional facts will be set forth as necessary.

The defendant does not challenge the court's finding that he possessed heroin. The sole issue that the defendant raises on appeal is that there was insufficient evidence to convict him of violating § 21a-278 (b) because the state failed to establish that he intended to sell heroin. We disagree.

We note initially that the defendant failed to preserve his claim at trial and seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). We have stated, however, that "[a]ny defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right, and would therefore necessarily meet the four prongs of *Golding*. Accordingly, we conclude that no practical reason exists to engage in a *Golding* analysis of a sufficiency of the evidence claim and, thus, review the challenge as we do any other properly preserved claim." (Internal quotation marks omitted.) *State* v. *Hurdle*, 85 Conn. App. 128, 139–40, 856 A.2d 493, cert. denied, 271 Conn. 942, 861 A.2d 516 (2004).

"In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the [finding of guilty]. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . This does not require that each subordinate conclusion established by or inferred from the evidence, or even from other inferences, be proved beyond a reasonable doubt . . . because this court has held that a [trier's] factual inferences that support a [finding of guilt] . . . need only be reasonable. . . .

"[A]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the trier, would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier's judgment] of guilty. . . . Furthermore, [i]n [our] process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . .

"[W]here there is sufficient evidence to support a reasonable inference that the defendant intended to commit the crime charged, whether such inference should be drawn is properly a question for the [trier of fact] to decide. . . . Our review is a fact based inquiry limited to determining whether the inferences drawn by the [trier] are so unreasonable as to be unjustifiable. . . .

"Proof of intent is usually established through circumstantial evidence, from which the [trier of fact] may draw reasonable and logical inferences. . . . The quantity of narcotics found in the defendant's possession [is] probative of whether the defendant intended to sell the drugs. . . . Also indicative of the defendant's intent to sell narcotics is the manner in which the narcotics are packaged. . . . Evidence demonstrating that the defendant was present in a known drug trafficking area further suggests an intent to sell. . . . In addition, the absence of drug paraphernalia indicates that the substance is not intended for personal use, but rather for sale to others." (Citations omitted; internal quotation marks omitted.) *State* v. *Diaz*, 86 Conn. App. 244, 248–50, 860 A.2d 791 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1081 (2005).

In this case, there was sufficient evidence of the defendant's intent to sell the heroin that he possessed. The defendant was arrested in the Dutch Point housing project, an area known to police as a hot zone for drug trafficking. Beaudin recovered a white bag, which the defendant threw to the ground when he saw the police. The bag contained, among other items, 136 heat sealed bags of heroin. The heroin was packaged in wax bags, some of which were stamped with the word "boy," and grouped in bundles of ten. Both Santiago and Beaudin testified that the manner in which the heroin was packaged and the amount of heroin that the defendant possessed were consistent with packaging for sale, rather

than for personal use. Beaudin further testified that although most drug users possess less than one bundle of heroin, the defendant possessed twelve or thirteen bundles. The defendant was also found in possession of a cellular telephone and $120. Finally, the defendant did not have any drug paraphernalia on him when he was arrested. On the basis of that evidence, viewed as a whole, we conclude that the court reasonably and logically found that the defendant possessed the heroin with intent to sell.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The court, in its decision, stated that "[t]here wasn't any evidence presented for the court to conclude that the defendant possessed the heroin . . . intending to sell it at that specific location." The defendant argues that this statement precludes a finding of guilty under General Statutes § 21a-278 (b). The defendant confuses the proof of intent required under that subsection with the proof of intent required for conviction under General Statutes § 21a-278a (b). Unlike § 21a-278a (b), of which the defendant was acquitted and which requires evidence that he intended to sell the heroin at a specific location within 1500 feet of a school; see *State* v. *Knight*, 56 Conn. App. 845, 850–51, 747 A.2d 13 (2000); § 21a-278 (b) does not require evidence that the defendant intended to sell at a particular time or location. Rather, the circumstantial evidence, as previously discussed, is sufficient to establish the element of intent under § 21a-278 (b).