### ANDREW OWENS *v.* COMMISSIONER OF CORRECTION
### (AC 25378)

Flynn, McLachlan and Dupont, Js.

Argued October 17—officially released November 15, 2005

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Michael E. Criscuolo*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dear-*

*ington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DUPONT, J. The petitioner, Andrew Owens, appeals following the denial of certification to appeal from the judgment denying his petition for a writ of habeas corpus. He claims that the court abused its discretion in denying him certification to appeal and, further, that the court improperly denied the petition for a writ of habeas corpus, which alleged various instances of ineffective assistance of counsel. We dismiss the appeal.

In 1997, the petitioner was convicted after a jury trial of assault in the first degree in violation of General Statutes § 53a-59 (a) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). His conviction was upheld on direct appeal. See *State* v. *Owens,* 63 Conn. App. 245, 775 A.2d 325, cert. denied, 256 Conn. 933, 776 A.2d 1151 (2001). The facts underlying his conviction are recounted in that appeal. See id., 248.

The petitioner filed an amended petition for writ of habeas corpus on November 7, 2003. He alleged that his trial counsel was ineffective by failing: (1) to argue at sentencing that pursuit of the charges against him was due to vindictive prosecution,[1] (2) to preserve a

---

[1] This claim was unrelated to the trial itself. The petitioner claimed that his counsel failed to argue at his sentencing hearing that the state had prosecuted the petitioner out of vindictiveness because the petitioner had been prosecuted unsuccessfully in other unrelated matters. The court determined that the petitioner was procedurally defaulted from making this argument, citing *Cobham* v. *Commissioner of Correction,* 258 Conn. 30, 779 A.2d 80 (2001). *Cobham* holds that such a claim must first be made by asking a trial court to correct a sentence imposed in an illegal manner pursuant to Practice Book § 43-22 as a condition precedent to the bringing of a petition for a writ of habeas corpus and that the failure to do so requires a dismissal of the petition.

The court, however, reviewed the petitioner's claim on its merits, concluding that there was no evidence that the petitioner was the victim of vindictive prosecution and that his counsel at trial did not perform deficiently by not raising the issue at sentencing.

challenge to the prosecution's striking of two prospective jurors pursuant to *Batson* v. *Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), (3) to conduct an adequate pretrial investigation into the ownership of a vehicle present at the crime scene, (4) to subpoena the defendant's medical records from the department of correction, (5) to investigate and to locate a key witness to the crime, (6) to argue effectively to the jury weaknesses in the identifications of the defendant made by the victim and his brothers and (7) to file a motion for a judgment of acquittal on the charge of carrying a pistol without a permit due to inadequate evidence.

A hearing was held on January 12, 2004, at which the petitioner, his trial counsel and the prosecutor at the petitioner's trial testified. In a memorandum of decision filed February 10, 2004, and in a subsequent articulation, the court, applying the two-pronged test of *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),[2] denied each of the petitioner's claims. The court found that no credible evidence of prosecutorial vindictiveness had been presented and, therefore, that trial counsel was not deficient in failing to argue the issue. After crediting the reasons the prosecutor gave for excusing the juror in question, the court found that there was no basis for a *Batson* challenge[3] and, thus, that trial counsel properly declined to raise one and, further, no prejudice could have resulted from

[2] Pursuant to *Strickland* v. *Washington*, supra, 466 U.S. 687, a habeas petitioner can prevail on a constitutional claim of ineffectiveness of counsel only if he can establish both (1) deficient performance of counsel and (2) actual prejudice resulting therefrom.

[3] The court credited the prosecutor's explanation that the juror was excused because she said the petitioner looked familiar and because her son had a pending case in Juvenile Court. As to the second juror claimed to have been excused improperly, the court found that the prosecutor had not used a peremptory challenge, but rather, "[s]he was excused by the court due to her personal transportation problems." At oral argument, the petitioner's counsel agreed that the second juror was excused by the court for this reason.

his failure to do so. The court rejected the petitioner's claims that trial counsel's investigation into the vehicle at the crime scene and the purported key witness was inadequate. It also concluded that as to these claims, no prejudice had been shown because there was no indication that a determination of the car's owner would have changed the verdict and because the witness' statement to police indicated that his testimony would have been damaging to the petitioner. The court also concluded that trial counsel's argument to the jury was adequate and that his decision to forgo use of the petitioner's medical records was not inappropriate and did not result in prejudice.[4] Finally, the court determined that there was sufficient evidence to support the petitioner's conviction for carrying a pistol without a permit, and, therefore, the failure to file a motion for a judgment of acquittal as to that charge did not result in prejudice.[5]

Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must show that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). After a careful review of the record and briefs, however, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the

[4] The state's witnesses identified the petitioner to some extent on the basis of his supposedly having a "droopy eye." According to the petitioner, the records would have established that he had no eye impairments. As explained by trial counsel and accepted by the court, however, the jurors were able to view the petitioner in person at trial and assess for themselves the appearance of his eyes.

[5] Similar to the prosecutorial vindictiveness claim, the court considered the petitioner's final claim defaulted, but addressed it alternatively on the merits. See footnote 1.

questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.

In this opinion the other judges concurred.