ANDRES R. SOSA *v.* COMMISSIONER OF CORRECTION

(AC 25975)

Bishop, Harper and Hennessy, Js.

---

[3] Numerous eyewitnesses identified the defendant as one of the assailants.

Argued January 18—officially released March 21, 2006

*Charles A. Murray*, pro hac vice, with whom was *John M. Andreini*, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Kevin J. Murphy*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Andres R. Sosa, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, he claims that the habeas court abused its discretion in denying him certification to appeal and, further, that the court improperly denied the petition for a writ of habeas corpus, which alleged (1) ineffective assistance of counsel, (2) actual innocence, (3) that his guilty plea was not entered knowingly and intelligently, and (4) that he did not understand the meaning and effect of the plea. We dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On April 6, 2001, the petitioner was charged with two counts of murder in violation of General Statutes § 53a-54a (a) and one count of capital murder in violation of General Statutes § 53a-54b (8). As a result of the capital murder charge, the petitioner was assigned two attorneys, Kenneth Simon and Barry Butler. The two attorneys ultimately negotiated a plea agreement with the state, under which the petitioner would plead guilty to two counts of murder in violation of § 53a-54a and serve forty-two years in prison.

On April 6, 2001, the petitioner entered an *Alford* plea[1] pursuant to the negotiated agreement. After canvassing the petitioner, the trial court accepted the plea and entered a finding of guilt as to the two counts of murder. On May 31, 2001, the trial court imposed the agreed on sentence of forty-two years. No direct appeal was filed.

On June 14, 2002, the petitioner filed a petition for a writ of habeas corpus in an attempt to withdraw his guilty plea. In the petition, the petitioner claimed (1) ineffective assistance of counsel, (2) actual innocence, (3) that his plea was unknowing and involuntary due to the influence of drugs, and (4) that his plea was unknowing and involuntary due to mental defects he was suffering at the time of the plea. The petitioner's ineffective assistance of counsel claim was twofold. First, the petitioner argued that his attorneys had advised him that his sentence would be only twenty-five years and not forty-two. Second, the petitioner argued that his attorneys did not investigate potential witnesses whose testimony would have shown that someone other than the petitioner had shot the victims. The petitioner asserted in his claim of actual innocence

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

that he did not shoot the victims and that the witnesses who his attorneys allegedly failed to investigate would have supported his innocence. The petitioner's claim that his plea was unknowing and involuntary was two-fold. First, he argued that he was under the influence of prescription drugs that prevented him from understanding the plea he entered. Second, he argued that a traumatic head injury he suffered as a child and the facts that he is "borderline retarded" and suffers from a variety of mental illnesses and defects prevented him from understanding the plea he entered.

At the habeas hearing, the petitioner, his two attorneys and three physicians testified. The petitioner testified that his attorneys had told him that he would serve a maximum sentence of twenty-five years if he pleaded guilty to the charges. He further testified that Simon had advised him that although the court would tell him that he would be sentenced to forty-two years at the sentencing, his term of incarceration would be reduced to twenty-five years at a later date. Both attorneys testified that they advised the petitioner that he would be sentenced to forty-two years and that they never advised him that he would have to serve only twenty-five years. Simon also testified that he never told the petitioner that the sentence would be reduced at a later date.

Both attorneys also testified that they investigated and interviewed all potential witnesses before the petitioner pleaded guilty. They testified that they were informed about a potential alibi witness, Martin Molina, only after the petitioner had already pleaded guilty and after the petitioner had changed his original version of the story, which had placed the petitioner at the scene of the crime. They further testified that after the petitioner informed them about Molina, they interviewed him but, in their opinion, Molina would not have been an effective alibi witness because Molina's testimony would

have still placed the petitioner at the scene of the murders.

The three physicians testified about the petitioner's mental health and the effects of the prescription drug, Celexa, which he was taking at the time of the plea. The first physician testified that Celexa could have affected the petitioner's cognitive skills, including the ability to concentrate and to comprehend what was happening around him. He further testified that the majority of patients taking Celexa have no side effects except for headaches and upset stomach. The second physician testified that the petitioner suffered from numerous psychological disorders, including major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, attention deficit disorder, attachment disorder and borderline intellectual functioning, all of which, in her opinion, affect the petitioner's higher order cognitive reasoning process. On cross-examination, the physician testified that she had not recently met or evaluated the petitioner. The last physician testified that it is unlikely that Celexa would cause a patient to become confused.

In a thorough and well reasoned memorandum of decision, the court made the following legal and factual findings: (1) the petitioner was never advised nor could he have reasonably believed that he was receiving anything less than a forty-two year sentence, (2) Molina would not have been an effective alibi witness because his testimony would have placed the petitioner at the murder scene, (3) although the petitioner was suffering from numerous psychological disorders, has a full scale IQ of 75 and was taking psychotropic medication at the time of the plea, the evidence did not support the petitioner's claim that his guilty plea was not entered knowingly and intelligently or that he did not understand the meaning and effect of the plea, (4) the petitioner did not prove with clear and convincing evidence

that he was actually innocent and (5) the petitioner failed to prove that his attorneys' performance was deficient. As a result, the court denied the petition on the merits and later denied the petition for certification to appeal. This appeal followed.

"Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must show that the court abused its discretion in denying the petition for certification to appeal." *Owens* v. *Commissioner of Correction*, 92 Conn. App. 312, 315, 884 A.2d 1062 (2005), cert. denied, 277 Conn. 910, 894 A.2d 991 (2006). In order to show that the court abused its discretion, the petitioner must demonstrate that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. Id. After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.