STATE OF CONNECTICUT *v.* LUIS A. SALAMAN
(AC 25999)

DiPentima, McLachlan and Hennessy, Js.

Argued April 17—officially released September 26, 2006

*Steven B. Rasile*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Kevin Doyle*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Luis A. Salaman, appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2)[1] and 53a-59 (a) (5),[2] and carrying a pistol or revolver

---

[1] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm."

without a permit in violation of General Statutes § 29-35.[3] On appeal, the defendant claims that insufficient evidence was presented to sustain the verdict. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 30, 2003, at approximately 2:30 a.m., the victim, Cesar Reynoso, was driving on Pearl Street in New Haven, a one-way street, when he noticed a dark colored, four door Cadillac coming toward him in the wrong direction. The victim saw that there were two people inside the Cadillac. As the Cadillac passed him, the victim called out, "one way." The passenger in the Cadillac pulled out a dark pistol and fired one gunshot at the ground, and the Cadillac sped off. The victim reversed his vehicle and began to follow the Cadillac, which turned onto Atwater Street. The victim heard two or three more gunshots, one of which hit the hood of his car, ricocheted and damaged his windshield. He also saw flashes of light coming from the passenger side of the Cadillac. At that point, the victim drove home and telephoned the police.

Meanwhile, at approximately 2:30 a.m. on August 30, 2003, Edwin DeJesus and Michael Ortiz, officers with the New Haven police department, were situated at the intersection of Peck and Rowe Streets when they heard gunshots coming from Atwater Street and saw people running in different directions. A minute or two later, a dark, four door vehicle approached them from the vicinity of Atwater Street. As the vehicle passed the police cruiser, the driver turned off its lights and sped through the intersection. DeJesus activated the overhead lights and siren on the police cruiser and began to pursue the vehicle. A high speed chase on Interstate

---

[3] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his or her person, except when such person is within the dwelling house or place of business of such person, without a permit to carry the same issued as provided in section 29-28. . . ."

91 ensued, during which the officers were informed over the police radio that there had been 911 calls about gunshots on Atwater Street. The vehicle finally was brought to a halt by stop sticks that had been deployed by the Middletown police.[4] There were two people inside the vehicle. DeJesus pulled the defendant out of the passenger seat of the vehicle and restrained him. Although a subsequent search of the defendant did not uncover any weapons, two shell casings later were found in the doorjamb of the passenger side of the car from which the defendant had been removed. These casings matched a shell casing that Jose Miranda, an officer with the New Haven police department, had recovered from Atwater Street shortly after the shooting.

After the defendant was arrested, he was taken to the police station in New Haven. The victim was there, and he indicated that the defendant looked familiar. He also made a positive identification of the car in which the defendant had been riding as a passenger. Additional facts will be set forth as necessary.

On appeal, the defendant claims that there was insufficient evidence to support the verdict of guilty on the charges of attempt to commit assault in the first degree and carrying a pistol or revolver without a permit. The defendant failed to preserve this claim at trial and seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "We have stated . . . that [a]ny defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right, and would therefore necessarily meet the four prongs of *Golding*. Accordingly, we conclude that no practical

---

[4] Stop sticks are strips containing hollow spikes that are laid across a highway by the police to stop fleeing vehicles. When a car passes over the strip, the attached spikes puncture the car's tires and deflate them.

reason exists to engage in a *Golding* analysis of a sufficiency of the evidence claim and, thus, review the challenge as we do any other properly preserved claim." (Internal quotation marks omitted.) *State* v. *Brown*, 90 Conn. App. 835, 838, 879 A.2d 466, cert. denied, 276 Conn. 901, 884 A.2d 1026 (2005).

"In reviewing a sufficiency [of the evidence] claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ramirez*, 94 Conn. App. 812, 821, 894 A.2d 1032, cert. denied, 278 Conn. 915, 899 A.2d 621 (2006). "This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict. . . . In conducting our review, we are mindful that the finding of facts, the gauging of witness credibility and the choosing among competing inferences are functions within the exclusive province of the jury, and, therefore, we must afford those determinations great deference." (Citation omitted; internal quotation marks omitted.) *State* v. *Morocho*, 93 Conn. App. 205, 210, 888 A.2d 164, cert. denied, 277 Conn. 915, 895 A.2d 792 (2006). Additionally, "the probative force of the evidence is not diminished where the evidence, in whole or in part, is circumstantial rather than direct." (Internal quotation marks omitted.) *State* v. *Dell*, 95 Conn. App. 24, 27, 894 A.2d 1044, cert. denied, 278 Conn. 919, 901 A.2d 44 (2006).

I

The defendant claims that the evidence against him on the charge of attempt to commit assault in the first degree was insufficient to support the verdict of guilty

on two grounds: (1) there was insufficient evidence to prove his identity as the shooter, and (2) there was insufficient evidence to prove that he had the requisite intent for assault in the first degree, i.e., the intent to cause physical injury to another person by discharging his firearm. See General Statutes § 53a-59 (a) (5). We consider these two claims separately and in turn.

## A

The defendant claims that there was insufficient evidence to prove beyond a reasonable doubt his identity as the shooter because the victim was not able to identify him positively as the shooter. He also claims that DeJesus and Ortiz testified that the gunshots were fired from different locations, making any identification of the vehicle they pursued as the same vehicle from which the gunshots were fired contradictory at best. We disagree with the defendant that his view of the evidence, even taken as true, renders the evidence against him insufficient as a matter of law.

The following additional facts are necessary for our disposition of the defendant's claim. The victim was unable to identify the defendant as the shooter on the basis of a "show-up" at the police station. He was, however, able to identify the vehicle in which the defendant was apprehended as the vehicle from which the gunshots were fired at him. DeJesus and Ortiz both identified Atwater Street as the general location from where they heard gunshots being fired, even though they used different location markers in their testimony. They both testified that as the Cadillac passed them, only one minute after they had heard the gunshots, the driver of the vehicle turned off the headlights and sped away, driving through two stop signs. The officers began their pursuit and never lost sight of the vehicle until it was stopped on Interstate 91 in Middletown and the defendant was apprehended. Although no weapon was

found on the defendant, shell casings found at the scene of the shooting matched those found in the passenger side door of the vehicle in which the defendant was traveling.

We conclude that the jury had before it ample evidence to support the finding that the defendant was the shooter. "This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict. . . . Whether [a witness'] testimony was believable was a question solely for the jury. It is . . . the absolute right and responsibility of the jury to weigh conflicting evidence and to determine the credibility of the witnesses. . . . Thus, the issue of the identification of the defendant as the perpetrator of the crime is peculiarly an issue of fact to be resolved by the jury." (Citation omitted; internal quotation marks omitted.) *State* v. *Harris*, 85 Conn. App. 637, 654, 858 A.2d 284, cert. denied, 272 Conn. 901, 863 A.2d 695 (2004). The cumulative effect of (1) the officers' pursuit of the vehicle (a) in which the defendant was the sole passenger and (b) in which shell casings matching those found at the scene of the shooting were recovered, and (2) the victim's subsequent identification of that vehicle as the one from which the passenger fired gunshots at him reasonably support the jury's conclusion that the defendant was the shooter.

## B

The defendant also claims that there was insufficient evidence to support his conviction of attempt to commit assault in the first degree because there was no evidence to prove that he had the specific intent to injure the victim.[5] Specifically, the defendant argues that evidence that he shot at the ground in the victim's direction, but not directly at the victim, showed that his

---

[5] "To sustain the conviction under [General Statutes] § 53a-59 (a) (5), the state must demonstrate with proof beyond a reasonable doubt that the defendant (1) intended to cause physical injury to another person, (2) caused such injury to such person or to a third person and (3) did so by means of

intention was to frighten, not to injure. The defendant also argues that merely because some bullets ricocheted off of the victim's car does not prove that the defendant shot directly at the victim. We find the defendant's attempt to differentiate between shooting directly at someone and merely shooting in someone's direction unpersuasive.

"It is well established that the question of intent is purely a question of fact. . . . Intent may be, and usually is, inferred from the defendant's verbal or physical conduct. . . . Intent may also be inferred from the surrounding circumstances. . . . The use of inferences based on circumstantial evidence is necessary because direct evidence of the accused's state of mind is rarely available. . . . Intent may be gleaned from circumstantial evidence such as the type of weapon used, the manner in which it was used, the type of wound inflicted and the events leading up to and immediately following the incident. . . . Furthermore, it is a permissible, albeit not a necessary or mandatory, inference that a defendant intended the natural consequences of his voluntary conduct." (Internal quotation marks omitted.) *State* v. *Silano*, 96 Conn. App. 341, 345–46, 900 A.2d 540, cert. denied, 280 Conn. 911, 908 A.2d 542 (2006).

On the basis of the facts and reasonable inferences drawn therefrom, the jury reasonably could have concluded that in shooting either directly at the victim's moving vehicle or at the ground in front of it, the defendant intended to cause injury to the victim. Even if, as the defendant argues, another interpretation is possible, i.e., that he intended merely to frighten the victim, that interpretation of the evidence does not and cannot control our review. "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask,

the discharge of a firearm." *State* v. *Hines*, 89 Conn. App. 440, 446–47, 873 A.2d 1042, cert. denied, 275 Conn. 904, 882 A.2d 678 (2005).

instead, whether there is a reasonable view of the evidence that supports a jury's verdict of guilty. . . . Our Supreme Court has stated that the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State v. Caballero*, 49 Conn. App. 486, 489–90, 714 A.2d 1254, cert. denied, 247 Conn. 924, 719 A.2d 1170 (1998). Because the jury reasonably could have concluded that the defendant intended to injure the victim when he shot at the victim's moving vehicle, there is sufficient evidence to support the specific intent element of the defendant's conviction of attempt to commit assault in the first degree.

## II

The defendant's final claim on appeal is that the jury did not have sufficient evidence before it to conclude that the defendant was guilty of carrying a pistol or revolver without a permit. In making this claim, the defendant concedes that he was not in his home or place of business when the shooting occurred and that he did not have a permit to carry a pistol on his person. His sole argument is that the state failed to prove beyond a reasonable doubt that he was the individual who shot the weapon in question. As previously discussed, there was sufficient evidence for the jury to find that (1) a weapon was fired from the passenger side of the Cadillac and (2) the defendant, as the sole passenger, occupied the front passenger seat of the Cadillac. See part I A. These facts and the reasonable inferences drawn therefrom provide sufficient evidence to support the defendant's conviction of carrying a pistol or revolver without a permit.

The judgment is affirmed.

In this opinion the other judges concurred.