## VANCE SOLMAN *v.* COMMISSIONER OF CORRECTION
### (AC 26698)

Flynn, C. J., and Gruendel and Rogers, Js.

Argued December 11, 2006—officially released February 20, 2007

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Michael Dearington*, state's attorney, and, on the brief, *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Vance Solman, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

In 1998, the petitioner was convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), burglary in the first degree in violation of

General Statutes § 53a-101 (a) (1), risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 and criminal possession of a firearm in violation of General Statutes (Rev. to 1997) § 53a-217.[1] The petitioner appealed directly from that judgment of conviction, which we affirmed. *State* v. *Solman*, 67 Conn. App. 235, 786 A.2d 1184 (2001), cert. denied, 259 Conn. 917, 791 A.2d 568 (2002).

On September 10, 2004, the petitioner filed an amended petition for a writ of habeas corpus that alleged in the first count ineffective assistance of trial counsel and in the second count a due process violation stemming from the state's failure to provide exculpatory evidence. A trial followed, at the conclusion of which counsel for the petitioner orally moved to withdraw the second count without prejudice.[2] After hearing from

---

[1] This court recounted the facts underlying the petitioner's conviction in his direct appeal: "In September, 1997, the victim and his wife were employed at a McDonald's restaurant in Branford and became acquainted with the [petitioner], who was employed at a nearby Mobil gas station. The [petitioner's] nephew also was employed at the Mobil station and became friendly with the victim's wife. That friendship eventually progressed to the point where the victim felt that it was necessary to intervene, and, accordingly, he told the [petitioner's] nephew to leave his wife alone. The victim's brother-in-law also confronted the nephew and recommended a curtailment of the relationship. Shortly after midnight, on September 24, 1997, as he lay in bed with his wife and child, the victim heard a loud banging at the back door of their apartment. The victim walked to the kitchen to investigate the disturbance when the [petitioner] burst through the door and shot the victim several times before fleeing. Ten .22 caliber shell casings were found at the scene along with a live round. The [petitioner] was apprehended thereafter, and the police discovered a live .22 caliber round at his residence during a search of the premises. While awaiting trial, the [petitioner] was incarcerated at the Cheshire Correctional Institution, where he became friendly with a fellow inmate, Robert Horrocks. He admitted to Horrocks that he had shot the victim and solicited Horrocks, if released on bond, to kill the victim and his spouse. He wrote out the names of the targets, their descriptions and the address of the victim's mother-in-law." *State* v. *Solman*, 67 Conn. App. 235, 236–37, 786 A.2d 1184 (2001), cert. denied, 259 Conn. 917, 791 A.2d 568 (2002).

[2] At oral argument, the petitioner conceded that he was not alleging ineffective assistance of his habeas counsel.

both the petitioner and his counsel, the court granted the motion with prejudice. In its memorandum of decision, the court concluded that the petitioner had not satisfied his burden of proving either deficient performance on the part of his counsel or prejudice resulting therefrom. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Accordingly, the court denied the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal, and this appeal followed.

Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). A petitioner satisfies that substantial burden by demonstrating "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The petitioner's first claim concerns the testimony of Robert Horrocks, a jailhouse informant. The petitioner argues that counsel was ineffective in failing to question Horrocks about the state's assurance that it would agree to a hearing on his motion for sentence modification. That contention is without merit. As the court noted in its memorandum of decision, this is not a case in which a jailhouse informant's potential bias was not presented to the jury. Rather, counsel for the petitioner questioned Horrocks on that point and emphasized his potential bias in her closing argument to the jury.[3] Moreover, this

---

[3] The following exchange occurred during cross-examination of Horrocks:

"[The Petitioner's Counsel]: And you are testifying today because you hope to gain something by this, don't you?

court specifically stated in the petitioner's direct appeal that "[e]ven if the jury had rejected Horrocks' testimony, it had before it enough evidence to support a guilty verdict." *State* v. *Solman*, supra, 67 Conn. App. 241. There is thus little doubt that the petitioner's claim fails to satisfy the *Strickland* criteria.

The petitioner's second claim alleged a due process violation stemming from the state's failure to provide certain exculpatory evidence. In her return to the petition for the writ of habeas corpus, the respondent, the commissioner of correction, raised the affirmative defense that the petitioner's claim was in procedural default because he had failed to raise the claim at trial or on direct appeal. Connecticut law is clear that a petitioner who raises a constitutional claim for the first time in a habeas corpus proceeding must show (1) good cause for the procedural default, i.e., the reason for failing to raise the claim at trial or on direct appeal, and (2) prejudice from the alleged constitutional violation. See *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001). When a petitioner fails to make that required showing, a court will not reach the merits of his claim. *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991).

In the present case, the petitioner neither alleged in his amended petition nor maintained before the habeas court that his failure to raise this claim before the trial court or on direct appeal was "caused by some objective

"[The Witness]: Yes.

"[The Petitioner's Counsel]: And you really want that sentence modification, don't you?

"[The Witness]: Sure do."

In addition, counsel made the following statement during her closing argument: "Was anything Mr. Horrocks told you credible, except maybe his admission as to how much he wanted to get out of jail, out of the prison sentence? He has a modification coming up, he told you. And he's hoping to have a good word put in for him, a good word put in by the same prosecutor who convicted him at his last trial."

factor external to his own defense and that the default was prejudicial." *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 41. Our review of the record reveals that the petitioner did not present any evidence that would satisfy the good cause requirement. As such, his constitutional claim is untenable. See id.

In light of the foregoing, we conclude that the petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. Having failed to satisfy any of these criteria, the petitioner cannot demonstrate that the court abused its discretion in denying the petition for certification to appeal. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.

In this opinion the other judges concurred.