## TERRANCE WORTHAM *v.* COMMISSIONER OF CORRECTION
## (AC 27776)

McLachlan, Gruendel and Lavine, Js.

Argued September 17—officially released November 27, 2007

*Michael A. Roussos*, special public defender, for the appellant (petitioner).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom were *Susann E. Gill*, senior assistant state's attorney, and, on the brief, *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Terrance Wortham, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. We dismiss the appeal.

Following a jury trial, the petitioner was convicted of attempt to commit murder with a firearm in violation of General Statutes §§ 53a-49, 53a-54a (a) and 53-202k, assault in the first degree with a firearm in violation of General Statutes §§ 53a-59 (a) (5) and 53-202k, carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 and criminal possession of a firearm in violation of General Statutes § 53a-217. The petitioner appealed directly from that judgment of conviction, which we affirmed. *State* v. *Wortham*, 80 Conn. App. 635, 836 A.2d 1231 (2003), cert. denied, 268 Conn. 901, 845 A.2d 406 (2004).

On December 8, 2005, the petitioner filed an amended petition for a writ of habeas corpus that alleged ineffective assistance of trial counsel. A habeas trial followed. By memorandum of decision filed April 26, 2006, the court concluded that the petitioner had not satisfied his burden of proving deficient performance on the part of his counsel. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Accordingly, the court denied the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal, and this appeal followed.

Before we may reach the merits of the petitioner's claim that the court improperly decided the issue raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025

(2005). A petitioner satisfies that substantial burden by demonstrating "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

On appeal, the petitioner argues that the habeas court abused its discretion by failing to apply a presumption of innocence in his habeas proceeding. That claim merits little discussion. In *Summerville* v. *Warden*, 229 Conn. 397, 641 A.2d 1356 (1994), our Supreme Court held that "[t]he presumption of innocence . . . does not outlast the judgment of conviction at trial." Id., 423. The court explained that "[o]nce a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears. . . . [I]n the eyes of the law, [the] petitioner does not come before the [c]ourt as one who is innocent, [but, on the contrary, as] one who has been convicted by due process of law . . . . Any other conclusion would be inconsistent with the fact that our habeas corpus jurisprudence places a heavy burden on the petitioner to establish that, notwithstanding his conviction, he is entitled to a new trial. . . . Thus, we reject the conclusion that the petitioner was entitled . . . to the presumption of innocence." (Citations omitted; internal quotation marks omitted.) Id., 423–24. The habeas court properly relied on that precedent in the present case.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430,

431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden,* supra, 230 Conn. 616.

The appeal is dismissed.