MIGUEL HERNANDEZ *v.* COMMISSIONER OF CORRECTION
(AC 28431)

Bishop, Harper and Beach, Js.

Submitted on briefs January 4—officially released May 20, 2008

*Christopher M. Neary*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, former state's attorney, *Jessica Probolus*, special deputy assistant state's attorney, and *Erika L. Brookman,* deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Miguel Hernandez, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion in denying the petition for certification and (2) improperly rejected his claim that his trial counsel provided ineffective assistance. We dismiss the appeal.

The petitioner's conviction arose out of the following factual scenario, as gathered from information in the court's file and also available to the petitioner's trial counsel. In the early morning hours of January 10, 1998, the petitioner and several of his friends, including Luis Valdes, went to an after-hours club on South Whitney Street in Hartford. The victim, Marcel Carrion, and several of his associates arrived shortly afterward. One of Carrion's companions was Luis Feliciano. Both the petitioner and Valdes had prior disagreements with Feliciano. The petitioner's group left the club but returned shortly thereafter to wait outside for Feliciano to emerge. When he did, the petitioner shot at Feliciano

with a pistol. He missed Feliciano but fatally wounded Carrion.

In October, 1999, the state charged the petitioner with murder in violation of General Statutes § 53a-54a; conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a; criminal use of a firearm in violation of General Statutes § 53a-216 (a); carrying a pistol without a permit in violation of General Statutes § 29-35; and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c. On November 9, 1999, the state offered the petitioner the opportunity to plead guilty to manslaughter only, with a recommended sentence of not less than twenty-five or more than forty years. On that same day, the petitioner pleaded guilty to manslaughter in the first degree in violation of General Statutes § 53a-55 (a) pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). On January 14, 2000, the petitioner was sentenced to a term of thirty years incarceration. The petitioner did not file a direct appeal from the judgment of conviction.

On March 17, 2006, the petitioner filed an amended petition for a writ of habeas corpus, alleging that his conviction should be set aside due to the ineffective assistance of his trial counsel, attorneys William Gerace and Paula Waite. A habeas trial was held on September 8, 2006, at which the petitioner, Gerace and Waite testified before the court.

The court found the following facts. During the criminal proceedings that led to his guilty plea, the petitioner was represented by Gerace and Waite. On November 9, 1999, Waite was participating in jury selection and received a renewed plea offer from the state. Waite found Gerace, who was in the courthouse on another matter and both "met with the petitioner in a conference room at the courthouse and thoroughly discussed the

state's offer." Gerace went to his office and wrote a two page letter to the petitioner, which presented the offer, the exposure if convicted at trial, Gerace's opinion of the strength of the case and Gerace's recommendation that the petitioner accept the offer. In its memorandum of decision, the court also outlined the evidence that the state presumably would have introduced had the criminal trial proceeded, including several witness statements that identified the petitioner as the shooter and a statement by the petitioner himself admitting that he had fired some gunshots that evening at the club.

The court also found that between the time of the plea and the time of sentencing, the petitioner had written a letter to the sentencing court, asking to withdraw his plea. In the letter, the petitioner claimed that pressure by his attorneys and family had caused him to plead guilty, that someone else had done the shooting and that his attorney had stated that he would receive fifteen years imprisonment as a sentence. At sentencing, Gerace stated that because of the strength of the state's case, he had advised the petitioner that it was not in his interest to withdraw the plea. The sentencing court asked the petitioner if he was pursuing the request to withdraw the plea, and the petitioner, with some equivocation, withdrew the motion to withdraw the plea by stating that he would rely on his attorney's advice.

"Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). A petitioner satisfies that substantial burden by demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are

adequate to deserve encouragement to proceed further
. . . . *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d
126 (1994)." (Internal quotation marks omitted.) *Sol-man* v. *Commissioner of Correction*, 99 Conn. App.
640, 643, 916 A.2d 824, cert. denied, 282 Conn. 901, 918
A.2d 888 (2007). "For the petitioner to prevail on his
claim of ineffective assistance of counsel, he must
establish both that his counsel's performance was defi-cient and that there is a reasonable probability that, but
for the counsel's mistakes, the result of the proceeding
would have been different." (Internal quotation marks
omitted.) *Sadler* v. *Commissioner of Correction*, supra,
703–704; see also *Strickland* v. *Washington*, 466 U.S.
668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). On
the facts before us, we cannot say that the habeas court
abused its discretion in denying certification to appeal.

The petitioner first claims that his trial counsel pro-vided ineffective assistance by failing to investigate ade-quately witness leads and physical evidence at the scene
of the crime. As to the claim that counsel failed to
pursue witness leads, the court found that "Gerace cer-tainly cannot be faulted for an investigation that,
although reasonably executed, yielded unfavorable
results for the petitioner." Regarding counsel's alleged
failure to investigate the scene of the crime, the court
concluded that the "lack of physical evidence linking
the petitioner to the scene of the crime would take on
less importance given that there was other evidence
placing the petitioner at the scene and in possession
of a handgun." The petitioner himself admitted that he
was at the crime scene and fired gunshots. After a
thorough review of the record, we conclude that the
court did not abuse its discretion in denying the petition
for certification as to the claim of ineffective investi-gation.

The petitioner next claims that his trial counsel pro-vided ineffective assistance in his advice to the peti-tioner concerning the petitioner's acceptance of the

state's plea offer. Despite the argument by the respondent, the commissioner of correction, that the petitioner was in procedural default as to this claim, we need not reach the issue of procedural default.[1] On the merits, the habeas court noted that "[t]here is absolutely no evidence that counsel, either by themselves or with the help of the petitioner's family, overbore the petitioner's will and forced him to plead guilty." The court further noted that both Gerace and Waite testified at the habeas trial that the petitioner had a full understanding of the plea agreement and that the "terms of the agreement and the substance of counsels' conversation with the petitioner were memorialized in a letter by Gerace and given to the petitioner at the plea hearing." Our review of the record reveals that the petitioner did not present any credible evidence demonstrating that his trial counsel's representation fell below an objective standard of reasonableness.

In light of the foregoing, we conclude that the petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. Having failed to satisfy any of these criteria, the petitioner cannot demonstrate that the court abused its discretion in denying the petition for certification to appeal. See *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[1] Although the court found that the petitioner had procedurally defaulted on his claim as to the state's plea offer, it nonetheless proceeded to decide the claim on its merits. Cf. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 941 A.2d 248 (2008).