## LUIS A. SALAMAN *v.* COMMISSIONER OF CORRECTION
### (AC 31729)

Gruendel, Beach and Alvord, Js.

Submitted on briefs March 11—officially released May 10, 2011

*Karen E. Haley*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Leon F. Dalbec, Jr.*, senior assistant state's attorney, and *David Clifton*, assistant state's attorney, filed a brief for the appellee (respondent).

PER CURIAM. The petitioner, Luis A. Salaman, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. We dismiss the petitioner's appeal.

The petitioner was involved in a shooting incident on August 30, 2003. He thereafter was charged with and, following a jury trial, convicted of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. The trial court sentenced the petitioner to a total effective term of fifteen years incarceration. The petitioner appealed directly from that judgment of conviction, which this court affirmed. See *State* v. *Salaman*, 97 Conn. App. 670, 905 A.2d 739, cert. denied, 280 Conn. 942, 912 A.2d 478 (2006).

On April 28, 2009, the petitioner filed a five count amended petition for a writ of habeas corpus. The first four counts alleged ineffective assistance of trial counsel. In count five, the petitioner alleged that the state suppressed exculpatory evidence at his criminal trial in violation of his right to due process under *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). His central contentions were that the state failed to disclose the existence of the victim's 911 call to police on the night of the shooting and, somewhat paradoxically, that his trial counsel rendered ineffective assistance in failing to review that 911 call in investigating the case. A habeas trial followed, at which the petitioner argued that the victim's 911 call indicated that the victim was intoxicated at the time of the call, a claim he renews in this appeal. In response, the court requested that the 911 call be played. The October 26, 2009 transcript reflects that petitioner's exhibit 3, which

is an audio recording of the 911 call in question, was played in court on a clerk's computer. After listening to the victim's 911 call, the court stated that "I cannot conclude from listening to that tape that [the victim] is intoxicated," a finding the petitioner challenges as clearly erroneous in this appeal.

At the conclusion of the habeas trial, the court rejected all of the petitioner's claims. By oral decision dated October 27, 2009, the court concluded that the petitioner had failed to establish ineffective assistance on the part of trial counsel pursuant to *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The court further found that the petitioner had not established a *Brady* violation. It subsequently denied the petition for certification to appeal, and this appeal followed.

Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). To do so, a petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). After careful review of the record and briefs, including listening to the audio recording of the victim's 911 call, we conclude that the petitioner has not met that substantial burden. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.